IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA SEGREST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:03CV68-MEF |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE, FOOD | ) | |
| and NUTRITION SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Linda Segrest,[1] d/b/a Fannin Grocery, filed this action pursuant to 7 U.S.C. § 2023 seeking judicial review of the defendant's December 20, 2002 decision rejecting plaintiff's application for authorization to participate in the Food Stamp program. This action is presently before the court on defendant's motion for summary judgment or, in the alternative, to dismiss (Doc. # 56). Although she was given an opportunity to do so, plaintiff has not responded to the motion.[2] Upon consideration of the motion, the court concludes that the motion for summary judgment is due to be granted.

---

[1] The court dismissed the claims of plaintiff Nancy V. Fannin by order entered February 15, 2006 (Doc. # 50), construing a pleading filed by Fannin to be a notice of dismissal. Plaintiff and Fannin are or were co-owners of Fannin Grocery. (See Defendant's Exhibit 2. p. 4; Defendant's Exhibit 3).

[2] In view of plaintiff's *pro se* status, the court has considered the response (Doc. # 35) filed by plaintiff's counsel (who was since withdrawn from representing plaintiff) to defendant's previous motion for summary judgment, which was denied by the District Judge. The arguments presented in that response are, however, without merit. Plaintiff would be entitled to prevail only if the court were willing to conclude that the terms "permanent" and "final" as used in the statute do not mean "permanent" and "final." The court declines to so conclude.

## BACKGROUND[3]

On September 1, 1998, the USDA permanently disqualified Fannin Grocery, under the ownership of Nancy Virginia Fannin and plaintiff Linda Segrest, from participation in the Food Stamp Program based on the Agency's finding that the store had trafficked in Food Stamp benefits, *i.e.*, accepted food stamps in exchange for cash or consideration other than eligible foods. (Complaint, ¶ 2; Horne dec.¶ 3; Defendant's Exhibit 1, permanent disqualification letter). Fannin Grocery did not seek administrative review of the permanent disqualification. (Horne dec. ¶ 2).

On October 4, 1999, plaintiff filed an application to participate in the food stamp program. By letter dated October 12, 1999, this application was denied by USDA's Food and Nutrition Service because of Fannin Grocery's permanent disqualification from the program. Fannin Grocery filed a request for administrative review of this decision; however, the review officer sustained the decision. Fannin Grocery did not seek judicial review of the agency's determination. (Horne dec., ¶ 4; Defendant's Exhibit 2, 3, 4).

In October 2002, Fannin Grocery filed another application to participate in the food stamp program. This application was denied by the Montgomery Field Office of USDA's Food and Nutrition Service because of Fannin Grocery's 1998 permanent disqualification.

---

[3] As it is required to do, the court has viewed the evidence presented on the motion for summary judgment in the light most favorable to the plaintiff. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). The court considers any objections not made to the use or admissibility of evidence waived for purposes of this motion. Davis v. Howard, 561 F.2d 565, 570 (5th Cir. 1977).

Fannin Grocery filed a timely request for administrative review. (Defendant's Exhibits 5-7). On December 20, 2002, the administrative review officer sustained the application denial. He stated:

> [T]he record clearly shows that the permanent disqualification of FANNIN GROCERY under Ms. Fannin's ownership has not expired and remains in full effect to date. The Food Stamp Program Regulations make no provision for approval of a Food Stamp Program application filed with the agency by a presently disqualified firm.

(Defendant's Exhibit 8; Exhibit 2 to Exhibit A to plaintiff's response to previous summary judgment motion). On January 21, 2003, plaintiff filed the present action seeking judicial review of the agency's decision.[4]

## SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact. Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993). For issues on which the non-movant bears the burden of proof at trial, "the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility. Instead, the moving party simply may show [ ] – that is, point[ ] out to the district court – that there is an absence of

---

[4] The case was referred to the undersigned Magistrate Judge for action or recommendation on all pretrial matters on October 27, 2005, after plaintiff's counsel was permitted to withdraw from representation. (Doc. # 42).

evidence to support the non-moving party's case." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)(quoting U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991)(*en banc*)).

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of proof at trial," summary judgment shall be granted.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56 except the mere pleadings themselves. . . ."

Id. at 324.

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir.

1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987).  It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.  Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment."  Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

## DISCUSSION

A plaintiff seeking to overturn an adverse agency decision under the food stamp program is entitled to *de novo* review by the court.  7 U.S.C. § 2023(a)(12); 7 C.F.R. 279.7(c).  The plaintiff bears the burden of establishing by a preponderance of the evidence that the agency decision was not valid.  Redmond v. United States, 507 F.2d 1007, 1011-12 (5th Cir. 1975); see also Estremera v. United States, 442 F.3d 580, 587 (7th Cir. 2006)("Because Estremera sought *de novo* review of the decision of the Administrative Review Branch, it was her burden to prove by a preponderance of the evidence that the agency's determination was invalid.").

It is undisputed that neither plaintiff nor Fannin sought administrative review of the September 1998 decision of the USDA's Food and Nutrition Service permanently disqualifying Fannin Grocery from participation in the food stamp program.  Since Fannin Grocery failed to file a request for review, the permanent disqualification decision became "final and not subject to further administrative or judicial review."  7 C.F.R. 278.6; see also

5

7 U.S.C. § 2023(a)(4)(if a written request for administrative review is not filed, "the administrative determination shall be final").[5]  Thus, the previous administrative decision permanently disqualifying Fannin Grocery from the food stamp program is not now subject to review by this court.  See Estremera, *supra*, 442 F.3d at 585.[6]

The same is true of the agency's 1999 denial of plaintiff's application to participate in the food stamp program.  Although plaintiff sought administrative review of the denial of her application, she did not seek judicial review after the adverse decision of the administrative review officer.  See id.

---

[5] The statute provides that disqualification shall be "permanent upon . . . the first occasion or any subsequent occasion of a disqualification based on the purchase of coupons or trafficking in coupons or authorization cards by a retail food store or wholesale food concern."  7 U.S.C. § 2021(b)(3)(B).  The agency may, in lieu of permanent disqualification, impose a monetary sanction under certain conditions.  7 U.S.C. § 2021(a), (b)(3)(B).   There is no evidence that the agency did so in this case.

[6] In Estremera, the plaintiff was permanently disqualified from participation in the food stamp program in October 2002.  In April 2003, the USDA imposed a monetary penalty on the plaintiff pursuant to 7 C.F.R. § 278.6(f)(2), contending that plaintiff had sold the store.  Plaintiff challenged the imposition of the monetary penalty by filing a request for administrative review and, after the penalty was upheld, by filing a complaint in district court.  The Seventh Circuit upheld the district court's refusal to review the October 2002 determination that plaintiff's store had violated food stamp program regulations.  The court stated:

> [T]he district court correctly refused to consider the question whether Estremera violated Food Stamp Program regulations.  The Agency determined in October 2002 that Estremera's store violated Food Stamp Program regulations and thus was disqualified from accepting food stamps.  Estremera challenged that decision, taking it to the Administrative Review Branch of the FNS.  The Administrative Review Branch affirmed FNS's disqualification decision.  Estremera could have challenged this decision in federal district court, but she chose not to do so.  The district court properly decided that it was too late for Estremera to argue that her store did not violate Food Stamp Program regulations.

Id.

Thus, the only issue before the court is whether the agency erred by denying Fannin Grocery's 2002 application for participation in the food stamp program. As defendant argues, Fannin Grocery was not even eligible to file a new application under the Agency's regulations. The regulations provide that:

> Any firm which has been disqualified and which wishes to be reinstated at the end of the period of disqualification, or at any later time, shall file a new application under § 278.1 so that FNS may determine whether reauthorization is appropriate. *The application may be filed no earlier than 10 days before the end of the period of disqualification.*

7 C.F.R. § 278.6(a)(emphasis added). Because plaintiff's disqualification is permanent, she is not entitled to seek reauthorization under § 278.6(a). As the administrative review officer advised plaintiff's counsel in his letter sustaining the denial, "[t]he Food Stamp Program Regulations make no provision for approval of a presently disqualified firm." (Defendant's Exhibit 8, p. 2). The court concludes, accordingly, that the agency did not err by denying Fannin Grocery's application for reauthorization to participate in the Food Stamp Program on the basis of the firm's permanent disqualification from participation.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion for summary judgment be GRANTED, and that plaintiff's claims be DISMISSED with prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before June 15, 2006. Any objections filed

must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 1st day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED   STATES   MAGISTRATE   JUDGE